# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5129 | **DATE** | 9/24/2010 |
| **CASE TITLE** | Guarantee Trust Life Ins vs. Insurers Administrative Corp | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to dismiss [79] Count V of Defendant Munich Reinsurance America, Inc.'s counterclaim is granted. Count V of Defendant Munich's counterclaim is dismissed with prejudice.

■[ For further details see text below.]

Notices mailed by Judicial staff.

# STATEMENT

Plaintiff, Guarantee Trust Life Insurance Company ("GTL"), has filed a motion ("Motion") to dismiss Defendant Munich Reinsurance America, Inc.'s ("Munich") counterclaim for breach of the duty of utmost good faith. For the following reasons, the Court grants the Motion with prejudice.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Seventh Circuit recently explained, this "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992 (2002)). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)); *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Under the federal notice-pleading standard, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (amount of factual allegations required to state a plausible claim for relief depends on complexity of legal theory); *Reger Dev.*, 592 F.3d at 763-64. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); *London v. RBS Citizens*, 600 F.3d 742, 745 (7th Cir. 2010) (court construes complaint in light most favorable to plaintiff, drawing all reasonable inferences in plaintiff's favor).

## FACTUAL BACKGROUND

As reinsurer Munich alleges in its counterclaim, it entered into two reinsurance treaties with GTL, its reinsured. (*See* R. 61, Affirmative Defenses at ¶¶ 1-2.) Pursuant to those reinsurance treaties, GTL was responsible for issuing health insurance policies to individuals, properly processing the premiums collected, paying fees and commissions to the various brokers or managers involved in the reinsurance program, and paying the claims of any individuals. (*See id.* at ¶¶ 1-2, 8; R. 61, Counterclaim at ¶ 6.) If the premiums collected were more than the program expenditures, Munich was to receive 90% of the profits. (*See* R. 61, Affirmative Defenses at ¶¶ 4-6.) If the program expenditures were more than the premiums collected, Munich was to receive monthly reconciliations demonstrating the difference. (*See id.* at ¶ 17; R. 61, Counterclaim at ¶¶ 19-20.)

After Munich asserted that some program expenditures had been incorrectly calculated and applied, GTL conducted an audit of the issues that Munich raised. (*See* R. 61, Affirmative Defenses at ¶¶ 20, 28; R. 61, Counterclaim at ¶ 8.) GTL eventually informed Munich that it had incorrectly billed Munich for approximately $3.5 million in program deficits. (R. 61, Counterclaim at ¶ 9.) In 2009, as partial reconciliation of the $3.5 million that GTL owed Munich, Munich withheld payment of approximately $1.8 million from bills it had received. (*Id.* at ¶ 10.)

Count V of Munich's counterclaim, entitled "GTL's Breach of Duty of Utmost Good Faith," alleges that "GTL breached its duty of utmost good faith by failing to fulfill its contractual obligations to [Munich] in a proper and businesslike manner." (*Id.* at ¶ 38.) Specifically, Munich alleges that GTL failed to properly administer commissions and fees, co-mingled funds, untimely administered claims, failed to reconcile the reinsured businesses, failed to comply with state regulations, failed to timely reimburse and rectify overbillings, and prevented Munich from obtaining information needed to monitor GTL's compliance with its obligations. (*Id.* at ¶¶ 38(a)-(f), 39.)

## ANALYSIS

GTL argues that Illinois law does not recognize a separate cause of action for breach of the duty of utmost good faith. (R. 79, Pl.'s Mot. at ¶ 3.) In response, Munich argues that Illinois does recognize the duty of utmost good faith in the reinsurance context, but Munich does not provide any authority recognizing an independent cause of action for a breach of that duty. Because Illinois law does not recognize a separate cause of action for breach of the duty of utmost good faith, Count V must be dismissed.

Illinois has not recognized an independent cause of action for breach of the duty of utmost good faith. As the Seventh Circuit teaches in a similar context, "breach of the covenant of good faith and fair dealing is not an independent cause of action under Illinois law except 'in the narrow context of cases involving an insurer's obligation to settle with a third party who has sued the policy holder.'" *APS Sports Collectibles, Inc. v. Sports*

*Time, Inc.*, 299 F.3d 624, 628 (7th Cir. 2002) (quoting *Voyles v. Sandia Mortgage Corp.*, 196 Ill. 2d 288, 751 N.E.2d 1126, 1131 (Ill. 2001)). In *Voyles*, the Illinois Supreme Court explained the rationale behind recognizing a separate cause of action for an insurer's breach of its duty to settle an action brought by a third party against the insured. *Id.* at 296, 751 N.E.2d at 1131. Such a cause of action is needed because an insurance policy "does not spell out the insurer's duty to settle, . . . and therefore tort law remains an appropriate ground on which to evaluate the insurer's conduct." *Id.* In other contexts in which a contract governs parties' relationship, however, an action for breach of contract sufficiently protects the parties, and the duty of good faith simply acts as a tool of construction in such an action. *See id.* at 297, 715 N.E.2d at 1131-32.

Here, an independent cause of action for breach of the duty of utmost good faith is not necessary to protect the parties' interests. That duty, rather, acts as a tool of construction in deciding whether a party has breached the governing reinsurance treaties. *See Amerisure Mut. Ins. Co. v. Global Reinsurance Corp. of Am.*, 399 Ill. App. 3d 610, 927 N.E.2d 740, 749 (Ill. App. Ct. 2010) ("'Utmost good faith . . . requires a reinsurer to indemnify its cedent for losses that are even arguably within the scope of the coverage of the reinsured, and not to refuse to pay merely because there may be another reasonable interpretation of the parties' obligations under which the reinsurer could avoid payment.'" (quoting *Commercial Union Ins. Co. v. Seven Provinces Ins. Co.*, 217 F.3d 33, 43 (1st Cir. 2000))); *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 90 Civ. 7811 (AGS), 1995 WL 3006, at *5 (S.D.N.Y. Jan. 4, 1995) (noting that the duty of utmost good faith "most often surfaces to act as a standard of interpreting a party's contractual obligations (not as an independent cause of action)," while stating that "it is unclear whether a breach of the so-called duty of utmost good faith constitutes an independent cause of action").

"Courts regularly dismiss causes of action for breach of duty of good faith when they are not asserted *within* a breach of contract claim." *Hickman v. Wells Fargo Bank N.A.*, 683 F. Supp. 2d 779, 793 (N.D. Ill. 2010) (emphasis in original and compiling cases); *see also LaSalle Bank Nat'l Assoc. v. Paramont Props.*, 588 F. Supp. 2d 840, 853 (N.D. Ill. 2008). The same result follows here. Because Illinois law does not recognize an independent cause of action for breach of the utmost duty of good faith, dismissal of that counterclaim with prejudice is appropriate. *See APS Sports*, 299 F.3d at 628; *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317 (7th Cir. 1996); *Folksamerica Reinsurance Co. v. Republic Ins. Co.*, No. 03 Civ. 6608(VM), 2004 WL 1043086, at *7 (S.D.N.Y. May 6, 2004) (dismissing a breach-of-duty-of-utmost-good-faith counterclaim under New York law).

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff GTL's Motion to dismiss Count V of Defendant Munich's counterclaim.